IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW J PAYNE,

    Petitioner,

v.                                            CASE NO. 1:20-cv-225-AW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on September 4, 2020, by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). ECF No. 1. The Petition stems from Petitioner's 2014 Alachua County *nolo contendere* plea to one count of sexual battery, for which he is serving a 20-year sentence of imprisonment. *Id.* Respondent filed a response to the Petition arguing, *inter alia,* that it is due to be dismissed as time-barred pursuant to the one-year limitations period applicable to federal habeas petitions, *see* 28 U.S.C. § 2244(d)(1)(A). ECF No. 6. Petitioner concedes that the Petition is untimely, but he contends that he is entitled to the benefit of equitable tolling and/or to the "actual innocence" exception to § 2244(d). ECF Nos. 1 (Petition), 10 (Reply). Upon due consideration of the

Petition, the Response, the state-court record, and Petitioner's reply, the undersigned recommends that the Petition be dismissed as time-barred.

## I. One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction relief. § 2244(d)(2). To toll the one-year limitations period under section 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Further, the limitations period may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## II. State-Court Proceedings

The procedural background of this case is established by the state court record appended to Respondent's motion. ECF No. 6. Petitioner was

charged by information on August 2, 2012, with sexual battery with the use or threatened use of a handgun or use of actual physical force likely to cause serious personal injury, an offense that carried a potential life sentence.  The offense occurred on May 21, 2008.  ECF No. 6-2 at 175.  According to the state court record, in 2012 Petitioner's DNA profile was matched to DNA that had been obtained from the victim at the time of the offense.  ECF No. 6-1 at 142-44.  Additional DNA evidence was obtained from Petitioner following his arrest and was also matched to DNA recovered from the victim.  *Id.* at 146-47, 148-211; ECF No 6-2 at 1-7.

On May 28, 2014, Petitioner entered a guilty/nolo contendere plea to one count of sexual battery with force likely to cause serious personal injury.  ECF No. 6-2 at 177-80.  On May 30, 2014, Petitioner was sentenced to 20 years' imprisonment followed by 10 years of sex offender probation.  *Id.* at 185.  He did not appeal.

On August 11, 2013, Petitioner filed a *pro se* petition for a writ of habeas corpus in the First District Court of Appeal, arguing that he was entitled to release on bond.  ECF No. 6-2 at 124-27.  The petition was denied on the merits on September 13, 2013.  *Id.* at 129.

On December 7, 2018, Petitioner filed a *pro se* postconviction motion pursuant to Fla. R. Crim. P. 3.850, alleging ineffective assistance of

counsel for failing to file a motion to suppress, for allowing Petitioner to accept the State's plea deal, and for failing to file a notice of appeal. ECF No. 6-1 at 32-47. The trial court denied the motion as barred by the state limitations period because it was filed more than two years after Petitioner's conviction became final. ECF No. 6-2 at 44-45. The First DCA affirmed *per curiam,* without a written opinion, on June 16, 2020.

Petitioner then filed the instant federal habeas corpus petition. ECF No. 1. Petitioner alleges that his trial counsel rendered ineffective assistance for failing to file a motion to dismiss the charges and suppress evidence, due to Petitioner's "illegal arrest". He also alleges that his counsel were ineffective for allowing him to accept the State's plea deal and for failing to file a notice of appeal. Petitioner asserts that counsel's errors rendered his plea involuntary. *Id.* at 2, 4-16. Petitioner concedes that the petition is time-barred, but asserts that he is entitled to equitable tolling of the limitations period in order to prevent a miscarriage of justice. He contends that his trial counsel promised him that they would appeal, and that counsel delayed in sending him all of his pretrial discovery and depositions, thereby "lulling" Petitioner by their inaction. Petitioner alleges that he is "factually and actually innocent." *Id.* at 17-24.

## III. <u>Discussion</u>

Respondent correctly notes that Petitioner's conviction became final, and the one-year limitations period began to run, on June 30, 2014, thirty days after the May 30, 2014, judgment, when the time for filing a notice of appeal elapsed.[1]  *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545 (2011); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the Supreme Court of the United States).  Accordingly, barring any tolling events, Petitioner had until June 30, 2015, to file a federal habeas corpus petition.

Petitioner's state habeas corpus proceedings concerning his bond concluded in September 2013, prior to his judgment of conviction.  Those proceedings did not concern an attack on the validity of his conviction, and

---

[1] The thirtieth day fell on Sunday, June 29, 2014, so one day is added.

therefore could not serve to toll the limitations period.  ECF No. 6-2 at 129; *see* 28 U.S.C. § 2244(d)(2).

Petitioner's Rule 3.850 postconviction motion was filed on December 6, 2018, more than three years after the federal limitations period expired, and therefore there was nothing left to toll when the motion was filed.  *See Sibley v. Culliver,* 377 F.3d 1196, 1204 (11th Cir. 2004) (where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll").

Petitioner claims that he is entitled to the benefit of equitable tolling. Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Diaz v. Sec'y, Dept. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (quoting *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means that the Petitioner must show that the untimeliness of his petition was "*both* beyond his control and unavoidable even with due diligence."  *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added).

Petitioner alleges that counsel impeded his ability to file a federal habeas petition by delaying in providing him with his case records.  The

state-court record reflects that in 2018 Petitioner filed requests for his records in the state court.  ECF No. 6-2 at 21-28.  Petitioner also filed a complaint with The Florida Bar.  *Id.* at 11-26.  There is nothing in the record that shows Petitioner made any effort to obtain his state-court records prior to 2018.  On this record, Petitioner has failed to show that the untimeliness of his petition was unavoidable even with the exercise of due diligence.

Petitioner conclusionally asserts that he is "factually innocent" and that his conviction reflects a "miscarriage of justice".  ECF No. 1 at 24.  Under the AEDPA, a "credible showing of actual innocence" provides a "gateway" through which a petitioner may pursue his claims on the merits notwithstanding his failure to file his habeas petition within the statute's otherwise applicable limitations period. *McQuiggin v. Perkins*, 566 U.S. 383, 386 (2013). To pass through this gateway, however, a petitioner must satisfy the standard for actual innocence articulated by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995). Under *Schlup*, a petitioner must show that, in light of newly presented evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," *id.* at 327, or, to remove the double negative, "that more likely than not any reasonable juror would have reasonable doubt," *House v. Bell*, 547 U.S. 518, 538 (2006).  *Schlup* makes clear that, "[t]o be credible, such a

claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. This new evidence must do more than counterbalance the evidence that sustained the petitioner's conviction. *See Sibley v. Culliver*, 377 F.3d 1196, 1207 (11th Cir. 2004) (concluding that even if new evidence showed that the murder victim was the aggressor, "a reasonable juror could still quite possibly have concluded that [petitioner] acted with murderous intent, rather than out of self-defense"). The new evidence must be so significant and reliable that, considered with the trial record as a whole, it "undermine[s] confidence in the result of the trial." *Schlup*, 513 U.S. at 327 (internal quotation marks omitted).

Here, Petitioner points to no new evidence that was unavailable at the time of his conviction. Moreover, Petitioner pleaded guilty in exchange for a 20-year sentence in the face of a potential life sentence. ECF No. 6-2 at 180. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea[2] waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has

---

[2] A conviction based on a plea of nolo contendere is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

> solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."); *McMann v. Richardson*, 397 U.S. 759, 766 (1970) (holding that a plea waives the right to trial and, therefore, waives the "right to contest the admissibility of any evidence the State might have offered against the defendant"). Consequently, the entry of a guilty plea waives a claim (other than a jurisdictional challenge), including both a substantive claim and a purported failing of counsel that occurred before entry of the plea.

Petitioner conclusionally argues that his plea was "involuntary" because he claims his arrest was illegal, but his guilty plea waived any such claim as well as ineffective-assistance claims that predated the plea. Petitioner's admission of guilt "constitute[s] a formidable barrier in any

subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73S74 (1977). As *Brady v. United States*, 397 U.S. 742, 757 (1970), explains:

> A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

*See also North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."). Petitioner points to nothing in the record that would overcome the presumption of verity attached to his plea.

In sum, on this record Petitioner has failed to show that he is entitled to the "actual innocence" gateway to consideration of the merits of his petition, or that his guilty plea is open to collateral attack even if his petition were not time-barred. The Petition therefore is due to be dismissed.

## IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED:**

1. The petition for a writ of habeas corpus should be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2244(d); and

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 12th day of May 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.